**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **AL QUARTEMONT** | * | **CIVIL ACTION NO. _____** |
| | * | |
| **VERSUS** | * | **DISTRICT JUDGE _____** |
| | * | |
| **GRAY MEDIA GROUP, INC. D/B/A** | * | |
| **KALB TV** | * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Al Quartemont, who respectfully brings this civil action against Gray Media Group, Inc. d/b/a KALB TV as follows:

**INTRODUCTION**

1. Al Quartemont served the Central Louisiana Community for years as an anchor and News Director for Gray Media Group, Inc. d/b/a KALB TV. He is a Christian and member of the Body of Christ. It is against his sincerely held religious beliefs to taint his and Christ's shared blood with vaccines, including the Covid-19 vaccine.

2. Gray Media Group, Inc. implemented a new employment term that required all of its employees be fully vaccinated for COVID-19 under threat of termination (the "Vaccine Mandate") for "business reasons."

3. Al Quartemont objected to the Vaccine Mandate because it violated his sincerely held religious beliefs, filed a religious accommodation request, and offered reasonable accommodations including masking and socially distancing himself.

4. Gray Media Group Inc. rejected Mr. Quartemont's religious accommodation request. In fact, it sent a boiler plate rejection addressed "Dear Supervisor" that stated "no reasonable accommodations [would be] available for [Al Quartermont's] role."

5. On or about September 15, 2021, Defendant, Gray Media Group, Inc., terminated Al Quartemont for refusing to compromise his sincerely held religious beliefs to comply with the Vaccine Mandate.

## PARTIES

6. Al Quartemont is made Plaintiff herein. He is a person of the full age of majority and resides in Grant Parish, Louisiana.

7. Defendant, Gray Media Group, Inc., is a Delaware corporation, with its principal place of business in Atlanta, Georgia. Gray Media Group, Inc. is authorized to do business in the State of Louisiana, and its agent for service of process is located at C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

8. Under 28 U.S.C. § 1331, the Court has federal question jurisdiction over this cause of action because it is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*

9. On or about February 15, 2022, Mr. Quartemont timely filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) (Charge No. 461-2022-00137).

10. On February 15, 2022, the EEOC issued a Notice of Right to Sue. *See* Exhibit A.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391 because Gray Media Group, Inc. is a corporate defendant subject to personal jurisdiction in the state of Louisiana and a substantial part of the events giving rise to this action occurred in this division.

## FACTS

12. Gray Media Group, Inc. ("Gray Media") is a nationwide media company that owns and operates television stations in 113 television markets. According to Gray Media Group's website, it collectively reaches thirty-six (36%) of United States Television households. *See* Gray.tv, GRAY MEDIA GROUP, LLC, https://gray.tv/ (last visited May 9, 2022).

13. At all material times related to this action, Gray Media employed more than 500 employees.

14. Gray Media owns and controls a local television station in Central Louisiana doing business as KALB ("KALB News Station"). For all relevant times hereto, KALB News Station was owned, controlled by, and operated by Gray Media.

15. On or about December 1, 2015, Gray Media hired Mr. Quartemont to work as a News Anchor and News Director at the KALB News Station. Under Gray Media's corporate hierarchy, this job constituted as a supervisor position.

16. Mr. Quartemont's duties as News Anchor and News Director involved delivering the news, overseeing the day-to-day operations of the newsroom, directing editorial content, and hiring/firing of other employees within the newsroom.

17. Mr. Quartemont conducted most of his work from a private (and enclosed) office at KAL,B except when delivering the news.

18. For the majority of his time at KALB News Station, Mr. Quartemont reported directly to the station's General Manager, Michele Godard.

19. Mr. Quartemont's salary was $1,617.27 per week, in addition to benefits, such as paid vacation, 401K contributions, and medical, dental, vision and life insurance.

20. Mr. Quartemont intended to remain at the KALB News station until he retired.

### The Grey Media Vaccine Mandate

21. On March 11, 2020, the World Health Organization ("WHO") declared a global pandemic in response to the spread of COVID-19, an infectious disease originating in Wuhan, China in 2019 and present in the United States by early 2020.

22. On or about August 16, 2021, Gray Media, implemented a companywide Vaccine Mandate that required, "as a condition of employment, that every employee who occupies a 'manager' position in our company be 'fully vaccinated' against the coronavirus (as defined by the CDC)" by September 15, 2021. Further, all "full time and part-time employees, as well as all outside contractors, tenants, and guests who enter our workspaces, to be 'fully vaccinated' against the coronavirus (as defined by the CDC)[]" by October 1, 2021. *See* the Vaccine Mandate, Exhibit A.

23. The Vaccine Mandate further provided that Gray Media "will grant reasonable accommodations and short extensions of the deadline where warranted." *See* Exhibit B.

24. At the time the Vaccine Mandate was issued, all available COVID-19 vaccines were authorized under Emergency Use Authorization ("EUA") by United States Food & Drug Administration ("FDA"). *See* FDA, *FDA Approves First Covid-19 Vaccine: Approval Signals Key Achievement for Public Health,* U.S. FOOD & DRUG ADMINISTRATION (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

25. Further, Gray Media issued the Vaccine Mandate prior to any federal governmental order directing private businesses to implement a vaccine mandate, of any kind.

### Disregarding Plaintiffs Request for a Religious Exemption

26. Al Quartemont is a member of the Christian Church through the Louisiana Baptist Convention. He sincerely believes, based on traditional religious tenants, the following: (i)

that he is a part of the Body of Christ in all aspects of life; (ii) that, through Jesus Christ, his blood is sacred; (iii) that his salvation was bought and paid for by the holy blood of Jesus Christ; (iv) that a vaccine—particularly, an experimental, provisionally approved vaccine—would taint his shared blood with Jesus Christ; (v) that he believes the Christian Bible warns of tainting blood through pharmaekiea; and (vi) that injecting himself with the Covid-19 vaccine would constitute pharmaekiea.

27. Mr. Quartemont expressed these beliefs to Gray Media on multiple occasions.

28. In the Spring of 2021, Gray Media sent an invitation to all News Directors for a Conference to be held in August 2021 in Colorado Springs, but required that attendees be fully vaccinated.

29. Mr. Quartemont was excluded from attending the August 2021 News Directors' Conference because he was not vaccinated.

30. In June 2021, Sandy Breland, Gray Media's Senior Vice President met with Mr. Quartemont at the KALB News Station, along with his supervisor, to encourage him to undergo vaccination.

31. Mr. Quartemont objected on religious grounds, while emphasizing voluntary lifestyle changes he made to guard against the virus, such diet, lost weight, vitamins, and social distancing.

32. On or about August 9, 2021, Mr. Quartemont first learned of the Vaccine Mandate in a text from his supervisor, stating:

> Michele Godard: This is hard for me to do in text but I want you to know that we are moving towards mandatory vaccines. Hilton [Howell] wanted me to ask you personally if you would consider a vaccine to stay with Gray [Media]. [Howell] really feels very conflicted but it must be done and could happen the first of the year.

Al Quartemont: I understand, but would respectfully decline. I understand that will put my employment at risk. But I will trust the Lord fully on this one.

[. . .]

Michele Godard: I honestly feel your response proves we will make accommodations for your religious beliefs – trust me. I have your back.

*See* Exhibit C, Text Messages with Michele Godard on August 9, 2021.

33. On August 12, 2021, Ms. Godard informed Mr. Quartemont that all department heads would have to be fully vaccinated by September 15, 2021.

34. On August 16, 2021, Gray Media issued the Vaccine Mandate to all employees *via* email. *See* Exhibit B.

35. On August 20, 2021, Mr. Quartemont made his first inquiry with Gray Media's Human Resources division to apply for an accommodation to the Vaccine Mandate. He continued to inquire about the process for several days thereafter.

36. On September 3, 2021, Ms. Godard sent an email to all KALB employees stating that masks must be worn in the building because of "the fear and intimidation your fellow staff members feel as their safety is being compromised by unvaccinated and possibly sick fellow staff members." *See* Exhibit D. This was pure hysteria, as it was widely known by then that neither masks nor vaccines materially reduced the risk of *transmission* of the virus. Nevertheless, Mr. Quartemont expressed no objection to wearing a mask

37. On September 5, 2021, Mr. Quartemont filed his Religious Accommodation Request, describing his objection to the Vaccine Mandate and proposing alternate accommodations. *See* Exhibit E.

38. On September 11, 2021, Gray Media rejected Mr. Quartemont's Religious Exemption request in a generic email to "Dear Gray Supervisor" on the basis that his position

"requires close contact with other individuals" without addressing the merits or rationale of his requires. *See* Exhibit F. Simply put, Gray Media ignored Mr. Quartemont's request.

39. On September 14, 2021, Al Quartemont delivered his final news broadcast on behalf of Gray Media, thanking the company and community for his time spent. He did not mention the Vaccine Mandate at any point or that he was terminated. *See* KALB Digital Team, *End of an Era: Al Quartemont's final on-air message*, KALB (Sept. 14, 2021), https://www.kalb.com/2021/09/15/end-an-era-al-quartemonts-final-on-air-message/.

40. On September 15, 2021, Gray Media terminated Mr. Quartemont.

41. Mr. Quartemont's firing by Gray Media was widely reported and discussed in the local media and community.

## TITLE VII

42. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth, herein.

43. Under Title VII, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

44. Gray Media is an "employer" subject to the provisions of Title VII. Further, at all times, Gray Media engaged in an industry affecting commerce, who had more than 500 employees for at least twenty weeks in the current or preceding calendar year.

45. Mr. Quartemont's objection to the Vaccine Mandate on religious grounds constitutes protected activity under Title VII. *See* 29 C.F.R. § 1605.1 ("[T]he Commission will define religious practices to include moral or ethical beliefs as to

what is right and wrong which are sincerely held with the strength of traditional religious views. This standard was developed in *United States v. Seeger*, 380 U.S. 163 (1965) and *Welsh v. United States*, 398 U.S. 333 (1970). The Commission has consistently applied this standard in its decisions.").

46. "Title VII [is] aimed to ensure that employees would *not* have to sacrifice their jobs to observe their religious practices." *Sambrano v. United Airlines*, 2022 WL 486610, n. 14 (5th Cir. 2022) (quoting *Sambrano v. United Airlines,* 19 F.4th 839, 842 (5th Cir. 2021) (Ho, J. dissenting) (quoting *Adeyeye v. Heartland Sweetners*, 721 F.3d 444, 456 (7th Cir. 2013)).

47. Gray Media subjected Mr. Quartemont to an adverse employment action when it terminated him for exercising his religious objection to the Vaccine Mandate.

48. Gray Media committed an unlawful employment practice when it failed to make any reasonable accommodations for Mr. Quartemont's sincerely held religious belief in regards to the Vaccine Mandate.

49. Gray Media committed a further unlawful employment practice when it knowingly discriminated against Mr. Quartemont for his religious beliefs and terminated him for his objection to the Vaccine Mandate.

50. Gray Media is liable to Mr. Quartemont for actual damages in the form of unpaid back pay from the time of termination, front pay, lost employment benefits, mental anguish, and damages to reputation.

52. Gray Media is further liable for an award of punitive damages under 42 U.S.C. § 1981a for its willful disregard of Mr. Quartemont's sincerely held religious beliefs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Al Quartemont, respectfully requests that this Honorable Court enter judgment against Defendant, Gray Media Group, Inc. d/b/a KALB, providing the following relief:

(a) This matter be set to be tried by jury;

(b) All Damages to which Plaintiff may be entitled, including but not limited to back pay, loss of fringe benefits, front pay, and compensatory damages;

(c) Punitive Damages pursuant to 42 U.S.C. § 1981a;

(d) Reasonable attorneys' fees, with conditions awards in the event of an appeal, pursuant to 42 U.S.C. § 2000e-5;

(e) Pre-judgment interest at the highest rate permitted by law from the date of termination;

(f) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(g) Costs, including expert witness fees pursuant to 42 U.S.C. § 2000e-5; and

(h) Any other and further relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

By:     /s/ Jimmy R. Faircloth, Jr.
Jimmy R. Faircloth, Jr. (T.A.)(La. #20645)
jfaircloth@fairclothlaw.com
Barbara Bell Melton          (La. #27956)
bmelton@fairclothlaw.com
Mary Katherine Price      (La. # 38576)
kprice@fairclothlaw.com
Richard F. Norem, III      (La. # 38849)
enorem@fairclothlaw.com
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

***ATTORNEYS FOR Al QUARTEMONT***